IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JERAL DURANT HENDERSON, § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:22-cv-01369-B (BT) |
| § | |
| DALLAS POLICE ASS'N, et al., § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jeral Durant Henderson filed this *pro se* civil action on June 23, 2022. (ECF No. 3.) His complaint, titled "Corruption Dallas & Dart Internal Affairs" is written in letter format addressed to the Clerk of Court. It consists of forty-two typed and handwritten pages addressing a wide variety of topics and includes several seemingly unrelated documents. For example, Henderson refers to tax-debt reduction programs. A sentence later, he mentions litigation paralegal jobs in Houston, Texas. Then, Henderson says "we" can help you address your IRS issues by "leveraging the law in your favor." *Id.* 3. However, it is not clear from Henderson's complaint what his specific claims are or what he ultimately seeks in relief from the Court. Henderson also failed to pay the filing fee or file a motion for leave to proceed *in forma pauperis*.

Accordingly, on June 27, 2022, the Court sent Henderson a Notice of Deficiency and Order (ECF No. 6), which ordered him to file a complaint in

compliance with Federal Rule of Civil Procedure 8(a),[1] pay the filing fee or file a proper request to proceed *in forma pauperis*, and file his complaint on the proper form. The Order informed Henderson that failure to respond and cure these deficiencies by July 27, 2022, could result in a recommendation that his case be dismissed.

On July 6, 2022, Henderson responded by filing a glut of random documents, including a statement from his bank that purportedly demonstrates he is overdrawn, some medical records, a letter from the Internal Revenue Service (IRS), account statements, a letter to the Clerk of Court about mass shootings and the Second Amendment, an article on rabbit plasma, and several receipts. Henderson's submission fails to comply with the Court's June 27, 2022 Order. Therefore, the Court should dismiss

---

[1] Rule 8(a) provides:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

this case without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Here, Henderson has failed to comply with the Court's order to file a complaint in compliance with Federal Rule of Civil Procedure 8(a), file his complaint on the proper form, and pay the filing fee or file a proper request to proceed *in forma pauperis*. The Court cannot screen his claims, and thus this litigation cannot proceed, until he cures these deficiencies. Henderson has failed to prosecute his lawsuit and also failed to obey a court order. Dismissal without prejudice is warranted under these circumstances.

The Court should dismiss Henderson's case without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed July 8, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).